**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Heather Sigford, formerly known as Heather Young,

Plaintiff,

v.

U.S. Bank, N.A.,

Defendant.

Civ. No. 13-2225 (JNE/JJK)

**REPORT AND RECOMMENDATION**

---

William B. Butler, Esq., Butler Liberty Law, LLC, counsel for Plaintiff.

Jonathan P. Norrie, Esq., and Michelle Kreidler Dove, Esq., counsel for Defendant.

---

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1, on Defendant U.S. Bank, N.A.'s ("U.S. Bank's") Motion for Summary Judgment (Doc. No. 7). This Court took the matter under advisement on the papers submitted on November 25, 2013. (Doc. No. 19.) In this action, Plaintiff Heather Sigford seeks to invalidate the foreclosure of the mortgage on her home, and asserts three claims against U.S. Bank. These claims include: (1) a quiet-title claim, to determine adverse claims under Minn. Stat. § 559.01; (2) a claim for a declaratory judgment; and (3) a claim of slander of title. For the reasons below, this Court recommends that

U.S. Bank's motion for summary judgment be granted and Plaintiff's claims be dismissed with prejudice.

**FACTS**

Plaintiff resides in and is in possession of real property located in Saint Paul, Minnesota. (Compl. ¶ 1.) She acquired her interest in the property via warranty deed in 1999. (Compl. ¶ 2.) On September 30, 1999, Plaintiff executed and delivered a promissory note to U.S. Bank. (Compl. ¶ 4; Doc. No. 10, Aff. of Stephanie Anne Smith in Supp. of Def.'s Mot. for Summ. J. ("Smith Aff.") ¶ 2, Ex. A.) The note was secured by a mortgage to U.S. Bank dated September 30, 1999. (Compl. ¶ 4; Smith Aff. ¶ 3, Ex. B; Doc. No. 14, Decl. of William Butler ("Butler Decl.") ¶ 2, Ex. 1.)

Plaintiff alleges that several notices of pendency of foreclosure proceedings and powers of attorney to foreclose mortgage that have been recorded with the Ramsey County Recorder's Office are invalid. (*See* Compl. ¶¶ 10–14.) She provides evidence of three of these proceedings in the summary-judgment record.[1] (Butler Decl. ¶¶ 3–5, Exs. 2–4.) The first is dated March 15, 2004, and indicates that the mortgage Plaintiff gave to U.S. Bank on the property on September 30, 1999, "has been assigned as follows," and indicates that U.S. Bank, via its Attorney-in-Fact, empowers the law firm of Wilford & Geske as its attorneys at law to foreclose the mortgage by

[1] In the Complaint, Plaintiff cites several exhibits that are not included in the record.

advertisement and take all necessary steps to accomplish that end. (*Id.* ¶ 3, Ex. 2.) The second and third, dated September 29, 2008, and January 6, 2010, respectively, again empower Wilford & Geske to foreclose on the mortgage by advertisement on the same terms. (*Id.* ¶¶ 4–5, Exs. 2 & 3.) Plaintiff alleges that any and all documents Wilford & Geske prepared and recorded with respect to the property at issue were without legal authority and are void because "U.S. Bank securitized this mortgage loan [and] [t]o the extent U.S. Bank has legal title to this loan, it holds legal title as trustee for the benefit of mortgage-backed securities holders." (Compl. ¶¶ 9, 11.) Thus, the gist of Plaintiff's action is that the subsequent foreclosure is void because none of the assignments of the mortgage that must have taken place as a result of its securitization by U.S. Bank were recorded. The obvious problem for Plaintiff, in responding to U.S. Bank's motion for summary judgment, is that there is no evidence in the record of this alleged securitization or any assignment that occurred as a result of it. (*See* Doc. No.13, Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") 2 (describing, without citation to any record evidence, how documents governing the alleged securitization of the mortgage at issue require delivery of a complete chain of title and how "[t]hese assignments of mortgage are not recorded against the subject property").)

On April 20, 2011, U.S. Bank notified Plaintiff that she had breached the mortgage by failing to make monthly payments. (Smith Aff. ¶ 4, Ex. C.) On June 2, 2011, U.S. Bank's counsel sent Plaintiff a debt validation notice and

Preforeclosure Notice. (Smith Aff. ¶ 5, Ex. D.) Although Plaintiff asserts that U.S. Bank refused to provide her an exact payoff figure or accept payments she tendered (Compl. ¶ 5), there is no evidence in the record to support that assertion.

After U.S. Bank's counsel sent the debt validation notice and Preforeclosure Notice, Plaintiff asked U.S. Bank to consider a loss mitigation foreclosure alternative, which initiated a loan modification process that took several months. (Smith Aff. ¶ 6.) On June 18, 2012, U.S. Bank notified Plaintiff that her request for loan modification was declined for failure to provide U.S. Bank all necessary information. (Smith Aff. ¶ 7, Ex. E.)

On July 13, 2012, U.S. Bank gave the law firm of Usset, Weingarden & Liebo, P.L.L.P. ("Usset") power of attorney to foreclose on the mortgage on the property. (Smith Aff. ¶ 8, Ex. F.) Usset filed the power of attorney in the Office of the County Recorder for Ramsey County, Minnesota, on August 1, 2012. (Smith Aff. ¶ 8, Ex. F at 1 (notation at top of page indicating power of attorney recorded on 8/1/2012 at 1:00 p.m. with Ramsey County Recorder as Doc. # 4349031).)

On August 10, 2012, Usset served Plaintiff the following: a Notice of Mortgage Foreclosure Sale; Homestead Designation Notice; Help for Homeowners in Foreclosure Notice; Notice of Redemption Rights; and Foreclosure Advice to Tenants Notice. (Smith Aff. ¶ 9, Ex. G.) On December 14, 2012, U.S. Bank purchased the foreclosed property at a public auction Sheriff's sale, and the Certificate of Sale was recorded with the Office of the Ramsey

County Recorder on December 17, 2012. (Smith Aff. ¶ 10, Ex. H.) Plaintiff did not redeem the property by the expiration of the six-month redemption period on June 14, 2013. (Smith Aff. ¶ 11.)

## DISCUSSION

### I. Summary-Judgment Standard

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence, and the inferences that may be reasonably drawn from the evidence, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Weitz Co., LLC v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009); *Carraher v. Target Corp.*, 503 F.3d 714, 716 (8th Cir. 2007). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322; *Whisenhunt v. Sw. Bell Tel.*, 573 F.3d 565, 568 (8th Cir. 2009). The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of*

*Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). In other words, a party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *see Davenport v. Univ. of Ark. Bd. of Trs.*, 553 F.3d 1110, 1113 (8th Cir. 2009) (citing *Anderson*, 477 U.S. at 247–49).

## II. Plaintiff's Rule 56(d) Request

In responding to the motion, Plaintiff asserts that summary judgment is not an appropriate remedy in this case because discovery has not yet begun. (Pl.'s Opp'n 7.) Plaintiff asserts that she cannot adequately respond to the motion without discovery and that "[t]he documentation to validate Plaintiff's claims is in the exclusive possession of Defendants or its agents." (*Id.* at 7–8.) And finally, Plaintiff asserts that "Rule 56 is plain on its face, and the United States Supreme Court's interpretation of the rule cannot be clearer—summary judgment is not to be granted before the close of discovery." (*Id.* at 8.)

"'Nonmovants may request a continuance under Rule 56(f) until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment.'" *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1050 (8th Cir. 2012) (quoting *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th

Cir. 1999)).[2] "Yet Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Id.* (internal quotations omitted). "A Rule 56(f) affidavit must set forth specific facts further discovery might uncover, or what information further discovery might reveal." *Id.* (internal quotations omitted).

First, Plaintiff's argument that summary judgment *cannot* be granted prior to the close of discovery is flat wrong. The Rule specifically says that "a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). Although "in many cases" an early summary judgment "may be premature," the Rule "allows a motion for summary judgment to be filed at the commencement of an action." Rule 56(b), advisory committee notes, 2010 Amendments. Moreover, there would be no reason for Rule 56 to include the very provision on which Plaintiff relies, subpart (d), if a party could not move for summary judgment before the end of discovery.

In addition to getting the Rule 56(d) standard wrong, Plaintiff has failed to meet the Rule's requirement for obtaining additional time to respond to U.S. Bank's summary-judgment motion. Aside from the fact that Plaintiff has not

---

[2] The current version of Rule 56(d) provides the same procedure as former Rule 56(f). Rule 56(d), advisory committee notes, 2010 Amendments ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). Current Rule 56(d), which applies here, permits a nonmovant to show by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.

submitted any Rule 56(d) affidavit at all, her memorandum in opposition to the motion for summary judgment provides absolutely no specificity about the discovery she would pursue and what facts relevant to her claims it might uncover. The Eighth Circuit rejected an affidavit making similar averments as those made in Plaintiff's memorandum here in *Hamilton* where the Plaintiff's counsel merely stated in his affidavit that certain "additional discovery will further bolster and support plaintiff's claims and raise additional disputed facts that would defeat defendant's motion." 687 F.3d at 1050; *see also Chambers v. The Travelers Cos., Inc.*, 764 F. Supp. 2d 1071, 1082 (D. Minn. 2011) ("This broad request does not meet the requirements of Rule 56(d), which requires Chambers to identify specific facts that further discovery might uncover, and show how those facts are relevant in rebutting Travelers showing that there is an absence of genuine issues of material fact."). Plaintiff's brief does even less than the affidavits submitted in *Hamilton* and *Chambers*, and, as a result, there is no reason to find that U.S. Bank's motion is premature, and no reason to grant Plaintiff's Rule 56(d) request.

## III. Quiet-Title Claim

In her "quiet title" claim, Plaintiff seeks an order in equity that U.S. Bank does not have rights to the property at issue. (Compl. ¶¶ 18–28.) U.S. Bank seeks summary judgment on this claim on grounds that there is no genuine issue of material fact that: (1) Plaintiff has unclean hands that foreclose her quiet-title claim; and (2) the record shows that U.S. Bank has a valid interest in the

property. (Doc. No. 9, Def.'s Mem. in Supp. of Mot. for Summ. J. ("Def.'s Mem.") 5–8.)

"Minnesota law permits persons in possession of real property to 'bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively.'" *Novak v. JP Morgan Chase Bank, N.A.*, Civ. No. 12-589 (DSD/LIB), 2012 WL 3638513, at *4 (D. Minn. Aug. 23, 2012) (citing Minn. Stat. § 559.01), *aff'd sub nom. Novak v. JPMorgan Chase Bank, N.A.*, 518 F. App'x 498 (8th Cir. 2013). "Actions to quiet title and determine adverse claims are equitable actions." *Gabler v. Fedoruk*, 756 N.W.2d 725, 730 (Minn. Ct. App. 2008). "A plaintiff who seeks equity must come into court with clean hands." *Novak*, 2012 WL 3638513, at *4 (citing *Santee v. Travelers Ins. Co.*, 275 N.W. 366, 368 (Minn. 1937)).

Plaintiff comes to court in this action with unclean hands. In Minnesota, "[a]ctions to quiet title and to determine adverse claims are equitable actions." *Haubrich v. U.S. Bank, N.A.*, No. 12-565 (DSD/TNL), 2012 WL 3612023, at *3 (D. Minn. Aug. 21, 2012) (citations omitted), *aff'd*, 720 F.3d 979 (8th Cir. 2013). A "plaintiff who seeks equity must come into court with clean hands." *Id.* (citations omitted). The undisputed facts demonstrate that she defaulted on her mortgage loans by failing to make promised payments and she has remained in possession of the property after the foreclosure sale, title transfer, and expiration of the redemption period. Her attempt to "quiet title" by invalidating the

foreclosure sale is clearly an effort to forestall eviction and extend the rent-free possession for more years to come. As in *Novak*, Plaintiff seeks "equitable relief from an outcome of [her] own creation." 2012 WL 3638513, at *4 ("Plaintiffs now live in the houses without making payment, and they seek to declare their mortgages invalid after defaulting. In short, plaintiffs seek equitable relief from an outcome of their own creation."). In other words, Plaintiffs "seek to declare their mortgage invalid after defaulting; as such, they come to the present case with unclean hands." *Stilp v. HSBC Bank USA, N.A.*, No. 12-3098 (ADM/JJK), 2013 WL 1175025, at *4 (D. Minn. Mar. 20, 2013), *aff'd*, ___F. App'x ___, 2013 WL 5340399 (8th Cir. Sept. 25, 2013); *see also Haubrich*, 2012 WL 3612023, at *3, *aff'd*, 720 F.3d 979 (8th Cir. 2013); *Butler v. Fed. Nat. Mortg. Ass'n*, No. 12-2697 (SRN/TNL), 2013 WL 2145701, at *7 (D. Minn. May 15, 2013); *Yang Mee Thao-Xiong v. Am. Mortg. Corp.*, No. 13-354 (MJD/TNL), 2013 WL 3788799, at *4 (D. Minn. July 18, 2013). Plaintiff has not presented a shred of evidence to raise a genuine issue of material fact in response to U.S. Bank's showing that Plaintiff has unclean hands. Thus, there is no genuine issue of material fact that Plaintiff has unclean hands barring any relief on her quiet-title claim, and U.S. Bank is entitled to judgment as a matter of law.

Moreover, revisiting the issue whether summary judgment would be premature, there is no reason to suspect that if Plaintiff were allowed to take discovery from U.S. Bank, she would somehow be able to overcome this unclean-hands barrier to equitable relief. It is not as though Plaintiff would need

to obtain discovery from U.S. Bank to present some evidence, even at this early stage, showing that she made payments on her mortgage loan. She certainly does not assert that there is specific discovery needed to accomplish such a showing, and there is no affidavit from Plaintiff. In the Complaint, Plaintiff alleges that she attempted to enroll in a loan modification program and believed that she made proper efforts to mitigate the difficulty she was having meeting her monthly obligations. However, the mere allegations in her pleadings are not sufficient to withstand U.S. Bank's properly supported motion for summary judgment because they do not set forth specific facts showing that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 248.

In addition, U.S. Bank is entitled to summary judgment on Plaintiff's quiet-title claim because Plaintiff has presented no facts in response to the motion for summary judgment that create a genuine fact dispute as to whether U.S. Bank has claimed right or title to the property, but has no such right or title. To prevail on a quiet-title claim, a plaintiff must show that she possesses the property and that a defendant claims a right or title to the property that she does not have. *Smola v. City of W. St. Paul*, 47 N.W.2d 789, 789–90 (Minn. 1951). Here, Plaintiff's only attempt to demonstrate that U.S. Bank has no right or title to the property at issue are allegations in the Complaint and statements in her brief to the effect that the mortgage at issue was securitized. (Pl.'s Opp'n 2, 9, 11 (asserting that the mortgage was securitized, resulting in unrecorded assignments rendering the foreclosure by advertisement void); Compl. ¶ 9

(same).) Of course, these allegations in her pleading and arguments in her brief are not ***evidence*** that can be used to successfully oppose U.S. Bank's summary-judgment motion, so they create no genuine issue of material fact. Thus, summary judgment is appropriate on this basis as well.

It may be that Plaintiff's Rule 56(d) request is really about pursuing discovery concerning the supposed securitization of the mortgage on Plaintiff's property. For two reasons, however, this Court will not recommend that summary judgment be denied on the assumption that this is the discovery Plaintiff believes she needs to keep this case alive. First, the Court will not presume to make Plaintiff's Rule 56(d) argument for her. And second, more importantly, Plaintiff does not provide any support for the assertion that through some unidentified securitization by U.S. Bank there was necessarily an unrecorded assignment that followed, thereby invalidating or voiding the foreclosure. In other words, Plaintiff has shown the Court nothing to indicate that this supposed securitization of the mortgage is a "material" fact because she has not demonstrated that it would affect the outcome of the case. *See Anderson*, 477 U.S. at 254 (indicating that a fact is "material" if it would affect the outcome of the case). Accordingly, U.S. Bank is entitled to judgment as a matter of law on Plaintiff's quiet-title claim.

## IV. Slander of title

Plaintiff also claims slander of title. To plead and prove a claim of slander of title a Plaintiff must show:

> (1) That there was a false statement concerning the real property owned by the plaintiff; (2) That the false statement was published to others; (3) That the false statement was published maliciously; and (4) That the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages.

*Paidar v. Hughes*, 615 N.W.2d 276, 279–80 (Minn. 2000). "The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title." *Novak*, 2012 WL 3638513, at *7 (citing *Kelly v. First State Bank of Rothsay*, 177 N.W. 347, 347 (Minn. 1920).

U.S. Bank argues that Plaintiff's slander-of-title claim fails because she alleges no facts in her Complaint to support the elements of slander of title. (Def.'s Mem. 9–10.) The motion concerning this claim is based entirely on the allegations in the Complaint. A summary-judgment motion may be made on the basis of the pleadings alone, and if that is done, it is functionally the same as a motion to dismiss for failure to state a claim. *North Ark. Med. Ctr. v. Barrett*, 962 F.2d 780 (8th Cir. 1992) ("[A] summary judgment motion filed solely on the basis of pleadings is the functional equivalent of a dismissal motion."). In evaluating a motion to dismiss for failure to state a claim this Court asks whether the complaint contains "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing B*ell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." *Iqbal*, 129 S.Ct. at 1949 (citation and internal quotation marks omitted).

Plaintiff has failed to state a plausible slander-of-title claim. Her Complaint fails to allege any facts from which this Court could infer that U.S. Bank made any false statement or acted with malice. Plaintiff has also failed to plead any facts indicating that she relied on any alleged misrepresentation. *See Welk v. GMAC Mortgage, LLC*, 850 F. Supp. 2d 976, 994 (D. Minn. 2012). Thus, Plaintiff has failed to state a slander-of-title claim that is plausible on its face, and dismissal is appropriate.

## V. Declaratory Judgment

In her declaratory-judgment claim, Plaintiff asks the Court to declare that U.S. Bank's interest in the property is void, that Plaintiff is the owner of the property, and for other relief. (Compl. ¶¶ 29–31.) In seeking judgment as a matter of law on this claim, U.S. Bank correctly argues that a claim for declaratory judgment cannot stand on its own. (Def.'s Mem. 10.) Because Plaintiff cannot bring and has not sufficiently plead any substantive claim against U.S. Bank, judgment in favor of U.S. Bank on Plaintiff's claim for declaratory judgment should be entered. *Butler*, 2013 WL 2145701, at *8 (dismissing

declaratory-judgment claim in similar action where no substantive claim was properly pleaded).

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. U.S. Bank's Motion for Summary Judgment (Doc. No. 7), be **GRANTED**; and

2. This case be **DISMISSED WITH PREJUDICE**.

Date: January 7, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 21, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.